IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendants. | CASE NO. 8:26-cv-00066<br><br>**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, United States Liability Insurance Company, pursuant to NECivR 7.1(a)(1)(A), submits the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. United States Liability Insurance Company ("USLI") brought a Complaint for Declaratory Judgment against Defendant Retsel Corporation d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino ("Retsel"), in this Court, filed as Doc. 1, on February 17, 2026.
2. Retsel was served with summons at its registered office address and place of business on February 21, 2026 (Doc. 6) and February 23, 2026 (Doc. 7), respectively.
3. Retsel has not yet filed its Answer to the Complaint.
4. At all times relevant, Retsel conducted business with citizens and residents of Nebraska, thereby maintaining regular relations or contact with the State of Nebraska sufficient to afford a basis for the exercise of personal jurisdiction by this Court consistent with the Constitution of the United States. (Compl ¶ 4).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201, as the parties are diverse with Retsel a resident of South Dakota and USLI of Nebraska. (Compl. ¶¶ 2, 3, 5).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(2) in that Retsel is deemed to reside in Nebraska as it is subject to personal jurisdiction in Nebraska. (Compl. ¶ 6).

7. On March 11, 2026, non-parties NDN Collective, Sunny Red Bear, Nick Cotter, Bre Jackson, Mary Bowman, and George Bettelyoun (collectively, the "Intervenors"), moved to intervene into this action and proposed an Answer and Counterclaim they request to file. (Doc. 9 and 9-1).

8. USLI opposes the Motion to Intervene and moves for summary judgment on its claims based upon lack of coverage under the insurance policy it issued to Retsel, in relation to attorney fees and damages arising from or requested in the underlying action involving the Intervenors against Retsel, which is *NDN Collective, Sunny Red Bear et. al. v. Retsel Corporation, Connie Uhre, Nicholas Uhre et. al.*, Case No. 5:22-cv-05027-LLP, currently pending in the United States District Court for the District of South Dakota, Western Division (the "NDN Action"). (Compl. ¶ 7).

9. Linda Carney, USLI Claims Examiner, identified the policy issued by USLI to Retsel that pertains to coverage or alleged coverage for the NDN Action. (Ex. 1, Linda Carney Declaration, ¶¶ 3-6).

10. The USLI insurance policy issued to Retsel Corporation, for policy number EPL1007914N, for policy period 10/28/2021 to 10/28/2022 attached to Ms. Carney's Declaration as Exhibit A (the "Policy"), expressly provides:

I. INSURING AGREEMENT

**A.** The **Company** will pay on behalf of the **Insured**, **Loss** in excess of the Retention not exceeding the Limit of Liability show on the policy Declarations for which this coverage applies that the **Insured** shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period** or during any Extended Reporting Period, if applicable, for **Wrongful Acts** arising solely out of an **Insured's** duties on behalf of the **Organization**
….

III. DEFINITIONS

…

**PUNITIVE DAMAGES EXCLUSION**

It is hereby agreed that Section III. DEFINITIONS is amended by deleting paragraph **K**. and replacing it with the following:

**K.** **"Loss"** means damages, settlements, front pay, back pay and pre-judgment and post-judgment interest awarded by a court.

**Loss** also includes liquidated damages awarded by a court pursuant to a violation of the Equal Pay Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, and the Fair Labor Standards Act (if endorsement EPL-162 is endorsed to this policy), all as amended, or any rules or regulations promulgated thereunder, or similar provisions of any federal, state or local law, statute or regulation to the extent such damages are insurable under applicable law, statute or regulation.

**Loss** does not include:

**(1)** fines, penalties, taxes, punitive and exemplary damages and the multiplied portion of any multiplied damage award;

**(2)** monetary sanctions that are uninsurable by operation of law;

**(3)** an express obligation to make payment in the event of the termination of employment.

(Ex. 1, Linda Carney Declaration, Ex. A attached thereto (the USLI Insurance Policy for Retsel Corporation) at pp. 1, 8-9, 12 of 24).

DATED this 20th day of March, 2026.

UNITED STATES LIABLITY
INSURANCE COMPANY,
Plaintiff,

By *s/ Bonnie M. Boryca*

Bonnie M. Boryca, NE Bar #24886
ERICKSON | SEDERSTROM, P.C.
Regency Westpointe, Suite 100
10330 Regency Parkway Drive
Omaha, Nebraska 68114
(402) 397-2200
boryca@eslaw.com
*Counsel for Plaintiff United States Liability Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing Plaintiff's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment was filed using the Court's CM/ECF System, which will serve notice on all parties who have appeared and are registered or eligible to receive such notice, and served via U.S. Mail on Defendant's addresses below on the 20th day of March, 2026:

Retsel Corporation d/b/a Grand Gateway Hotel and
d/b/a Cheers Sports Lounge and Casino
1721 N Lacrosse Street
Rapid City, SD 57701

and

c/o Registered Agent, Paul J. Andrews
528 Kansas City St., Suite 5
Rapid City, SD 57701

*s/ Bonnie M. Boryca*