**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendant. | CIVIL NO. 8:26-cv-00066<br><br>**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

NDN Collective, Sunny Red Bear, Nick Cottier, Bre Jackson, Mary Bowman, and George Bettelyoun (collectively, the "Intervenors") submit this Opposition to Summary Judgment filed by United States Liability Insurance Company ("USLI") to protect the Intervenors' ability to intervene and participate as a party in this matter.

The Intervenors' Motion to Intervene remains pending, yet USLI seeks to prematurely close the book on this litigation now, which would deprive the Intervenors of their right to be heard on a matter in which they have a significant interest. Defendant Retsel has not responded to USLI's Complaint or otherwise appeared. USLI rushed to file this Motion for Summary Judgment without any advocacy on the other side.

That motion should be denied. Granting summary judgment while the Motion to Intervene is pending violates due process and the federal rules. In addition, venue is



97022686.3

improper because this court lacks personal jurisdiction over Retsel and cannot issue a decision on the merits if venue or jurisdiction are lacking. Finally, USLI is not entitled to summary judgment based on allegations alone, particularly where the Intervenors have not had the opportunity to challenge those allegations.

The Intervenors respectfully request that this Court deny USLI's Motion for Summary Judgment without prejudice. If this Court grants the Motion to Intervene, USLI may refile its motion at an appropriate time, allowing the Intervenors to participate as parties in the ordinary course of civil litigation.

## ARGUMENT

### I. The Court should deny the Motion for Summary Judgment while the Intervenors' Motion to Intervene remains pending.

USLI's Motion for Summary Judgment should be denied because the Intervenors' Motion to Intervene has not been resolved. While the Motion to Intervene is still pending, the Intervenors are not parties that can substantively respond to a summary judgment motion.[1] Denying Intervenors an opportunity to substantively oppose summary judgment and protect their interests violates due process and the federal rules.

*White v. Texas American Bank/Galleria, N.A.*, 958 F.2d 80 (5th Cir. 1992), is instructive. There, non-parties moved to intervene to protect their interest in disputed funds in a case in which a motion for summary judgment was pending. The district court

[1] For example, this Court's local rules require the "party" opposing summary judgment to file a response to the moving party's statement of material facts. NECivR 56.1(b)(1)(A). Because the Intervenors are not parties yet, they do not have the ability to challenge USLI's motion on a substantive legal or factual basis.

heard and ruled on both pending motions at the same hearing, granting the motion to intervene but also granting the motion for summary judgment. On appeal, the Fifth Circuit reversed the order granting summary judgment. *Id.* at 82. The Fifth Circuit held that the district court violated both Rule 56 and the intervenor's due process rights: by not granting the motion to intervene until the moment it granted the motion for summary judgment, "the court effectively denied [intervenors'] legal right to notice and right to oppose the motion for summary judgment because they were not parties to the action until the court's contemporaneous order granting them leave to intervene." *Id.*[2] But until the court granted intervenors leave to intervene, they were not parties to the suit and could not be served or respond to the summary judgment motion. *Id.* at 83 ("Only then were they entitled to litigate fully the merits of their claims to the interpled funds. But to what avail?").

Here, an order granting summary judgment for USLI will affect the Intervenors' rights by frustrating their ability to collect their judgment. But as non-parties, the Intervenors cannot substantively oppose USLI's motion for summary judgment until this Court grants the motion to intervene. Thus, as in *White*, the Court should not rule on the motion for summary judgment before the Intervenors have a chance to defend their interest in the case as parties. *See also Drywall Tapers & Pointers of Greater New York, Loc.*

---

[2] Although Rule 56 was later amended to remove the specific 10-day notice requirement, the rule still has a notice provision that requires courts to give "notice and a reasonable time to respond" before granting a motion for summary judgment against a nonmoving party. Fed. R. Civ. P. 56(f). This carries extra weight for the Intervenors here because they are not parties who can participate in the case yet, but they stand to suffer a direct harm from an adverse ruling on summary judgment.

*Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) (finding that district court's decision to rule on "litigation-ending motion" while motion to intervene remained pending was "ill advised," and that "the better practice [is] for a district court to rule on a pending motion to intervene before ruling on the merits of pending litigation").

**II. USLI's Motion for Summary Judgment is premature for the reasons explained in the Motion to Intervene.**

Putting aside the existence pending motion to intervene, USLI cannot seek summary judgment now for some the reasons identified in the Motion to Intervene itself.

First, as the Intervenors explained in their Motion to Intervene, venue is improper in Nebraska. USLI alleges that Retsel is subject to personal jurisdiction in Nebraska because "Retsel conducted business with citizens and residents of Nebraska." (Compl. ¶ 4.) That is not the test for personal jurisdiction. Personal jurisdiction considers whether a "defendant's conduct and connection *with the forum State* are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (emphasis added). To be subject to personal jurisdiction in Nebraska, Retsel must have maintained sufficient contacts with *Nebraska* as a forum to reasonably anticipate being sued there. USLI's jurisdictional allegation ignores the obvious fact that, as a hotel, Retsel's business with Nebraska citizens occurred in *South Dakota* when those individuals stayed at the hotel in *South Dakota*.[3] The Complaint lacks any non-conclusory

[3] Retsel's insurance policy with USLI does not establish personal jurisdiction either. At the time of the policy at issue, USLI was located in Wanye, Pennsylvania, not Nebraska. (ECF 13-1 at 7, PageID 63.)

allegations that Retsel maintained sufficient contacts—or any contacts at all—with the state of Nebraska that would support personal jurisdiction. Because this Court lacks personal jurisdiction over Retsel, USLI's reliance on 28 U.S.C. § 1391(c)(2) as the basis for venue fails. (Compl. ¶ 6.) As the Intervenors explained in their Motion in Intervene, if the Court grants intervention, the Intervenors will file a motion addressing whether venue is improper in Nebraska or should otherwise be transferred. The Court will need to determine whether venue is appropriate before it can rule on the substantive merits of USLI's declaratory judgment claim. *See, e.g.*, *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 127 n.1 (D.D.C. 2010) (declining to reach the merits of the claim because venue was improper and citing other cases reaching the same conclusion).

Second, because the Intervenors have not been granted party status, they have not filed any responsive pleading. They have not conducted any discovery. And because Retsel has not appeared in this case, USLI's summary judgment motion amounts to no more than a recitation of the allegations in its complaint.[4] But summary judgment is only proper when there is no genuine dispute of material fact, and allegations are not facts. *Vanegas v. Carleton Coll.*, 575 F. Supp. 3d 1112, 1126 (D. Minn. 2021) ("[A] a plaintiff cannot rely on unsupported allegations at summary judgment."). For example, USLI alleges that Retsel violated its duty to cooperate by "delug[ing] USLI and its defense counsel with hundreds of emails including instructions to file meritless motions in conjunction with

[4] Even this is incomplete: one of the incidents of discrimination for which coverage is disputed occurred in 2020—outside the scope of the policy provided in connection with USLI's summary judgment motion. (*See* ECF 12 at ¶ 10 (attaching the policy for October 28, 2021 to October 28, 2022).)

those already filed by defense counsel." (Dkt. No. 1, Compl. at ¶¶ 13–18.) There has been no discovery on this issue, nor is there any evidence in the record to support USLI's allegation. Without evidence, USLI's motion for summary judgment should be denied outright. USLI can refile its motion once the Motion to Intervene has been resolved and the parties to the case have the opportunity to challenge USLI's assertions.

**CONCLUSION**

The Court should deny USLI's Motion for Summary Judgment without prejudice.

Dated: April 10, 2026

*/s/ Thomas F. Berndt*
Thomas F. Berndt (MN 0389080)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Sute 2800
Minneapolis, MN 55402
(612) 349-8500
tberndt@robinskaplan.com

Brendan V. Johnson (*pro hac vice* forthcoming)
Timothy W. Billion (*pro hac vice* forthcoming)
Thad A. Titze (*pro hac vice* forthcoming)
ROBINS KAPLAN LLP
150 E 4th Place, Suite 704
Sioux Falls, SD 57104
(605) 335-1300
bjohnson@robinskaplan.com
tbillion@robinskaplan.com
ttitze@robinskaplan.com

*Attorneys for Intervenors NDN Collective, Sunny Red Bear, Nick Cottier, Bre Jackson, Mary Bowman, and George Bettelyoun*