IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

Case No. 8:26-cv-00066-BCB-JMD

UNITED STATES LIABILITY INSURANCE COMPANY,

Plaintiff,

v.

RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,

Defendant.

**DECLARATION OF JOHN M. PIERCE IN SUPPORT OF DEFENDANT'S MOTION TO DENY OR DEFER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)**

I, John M. Pierce, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel of record for Defendant Retsel Corporation d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino ("Retsel") in this action. I submit this Declaration pursuant to Federal Rule of Civil Procedure 56(d) in support of Retsel's Motion to Deny or Defer Plaintiff's Motion for Summary Judgment. I make this Declaration based on my personal knowledge, my review of the record in this action, and my assessment of the discovery needed to present facts essential to Retsel's opposition to the summary judgment motion.

2. I entered my appearance as counsel of record for Retsel on or about April 24, 2026. I have reviewed the Complaint (Doc. 1), the Motion for Summary Judgment (Doc. 10), the Brief in Support (Doc. 11), the Statement of Undisputed Material Facts (Doc. 12), the Index of Evidence and supporting declaration (Doc. 13), the Motion to Intervene and related briefing (Docs. 9, 14, 16, 17), and the Intervenors' opposition to the summary judgment motion (Doc. 18).

3. As of the date of this Declaration, no scheduling order has been entered in this action. No initial disclosures have been exchanged. No interrogatories, requests for production, or requests for admission have been served by any party. No depositions have been taken or noticed. No discovery of any kind has occurred. Simultaneously with this filing, Retsel is just now filing a responsive pleading to the Complaint.

4. USLI filed its Motion for Summary Judgment on March 20, 2026 — thirty-one days after filing the Complaint, and before Retsel had appeared, answered, or had any opportunity to conduct discovery. USLI's evidentiary submission consists of a single exhibit: the insurance policy authenticated by USLI's own Claims Examiner, Linda Carney. (Doc. 13-1.) No evidence relating to the alleged cooperation-clause breach, the alleged prejudice to USLI, or USLI's reservation of rights practices has been submitted.

5. For the reasons set forth below, Retsel cannot present facts essential to justify its opposition to the summary judgment motion without discovery. Each category of essential discovery identified below is: (a) specifically identified; (b) reasonably believed to exist based on the nature of the allegations in the Complaint and standard insurance claims handling practices; and (c) essential to Retsel's ability to contest the material factual issues underlying USLI's claims.

6. **Discovery on actual and substantial prejudice**. USLI's cooperation-clause claim requires proof of actual and substantial prejudice under South Dakota law. *Kaiser Trucking, Inc. v. Liberty Mut. Fire Ins. Co.*, 2026 S.D. 5 (S.D. Feb. 4, 2026). The Complaint identifies specific categories of alleged non-cooperation: "hundreds of emails" from Retsel demanding meritless filings; unauthorized filings in the NDN Action; and use of AI-generated arguments. (Compl. ¶¶ 13-17.) Retsel requires production of: (a) all emails and communications

from Retsel to USLI or defense counsel that USLI contends constituted non-cooperation, including metadata showing dates and recipients; (b) all filings made in the NDN Action that USLI contends were unauthorized, including any court orders addressing those filings; (c) all communications between USLI and defense counsel regarding the alleged non-cooperation and its effect on the defense; (d) any internal USLI analyses or assessments of whether Retsel's conduct prejudiced the defense; and (e) the complete billing records for the NDN Action defense. This discovery is reasonably believed to exist because these communications and analyses necessarily occurred given the allegations in the Complaint. It is essential because without it Retsel cannot contest USLI's conclusory assertion of prejudice — the central element USLI must prove under South Dakota law.

7. **Discovery on reservation of rights**. Retsel's opposition will assert that USLI waived the cooperation-clause defense by continuing to defend Retsel for years with knowledge of the alleged non-cooperation without adequately reserving its rights. Retsel requires production of: (a) all reservation of rights letters issued by USLI to Retsel during the NDN Action, including their specific terms and the dates issued; (b) all internal USLI communications discussing whether to issue a reservation of rights based on cooperation-clause concerns; (c) all communications between USLI and Retsel or its principals regarding the cooperation clause and USLI's coverage position; and (d) any communications in which USLI warned Retsel that its conduct might affect coverage. This discovery is reasonably believed to exist based on standard insurance claims handling practices. It is essential because whether USLI timely and adequately reserved its cooperation-clause defense is the central question under *Ziegler v. Ryan*, 285 N.W. 875 (S.D. 1939), and *St. Paul Fire & Marine Ins. Co. v. Engelmann*, 639 N.W.2d 192 (S.D. 2002).

8. **Discovery on the attorneys' fees coverage question**. USLI moves for summary judgment on the ground that § 1988 attorneys' fees are not covered under the policy. Retsel requires discovery into: (a) the underwriting file for the policy, including any representations made to Retsel or its broker regarding coverage scope at the time of procurement; (b) USLI's prior coverage positions and representations to Retsel regarding the policy; (c) any internal USLI policies, guidelines, or training materials regarding coverage for § 1988 fee awards under EPL policies; and (d) the complete claims handling file for the NDN Action. This discovery is reasonably believed to exist because underwriting files and claims handling files are standard insurance industry records maintained in the ordinary course. It is essential because prior representations regarding coverage scope are relevant to estoppel and the reasonable expectations doctrine under South Dakota law.

9. **Discovery on policy history and occurrence determination**. The Intervenors allege that at least one incident of discrimination at issue in the NDN Action occurred in 2020, outside the policy period of the policy USLI submitted with its motion (October 28, 2021 to October 28, 2022). (Doc. 18 at 5 n.4.) Yet USLI has submitted only one policy. Retsel requires discovery into: (a) the complete history of USLI's EPL insurance coverage for Retsel, including any prior or successor policies; (b) USLI's internal determination regarding which policy period applied to which incidents in the NDN Action; and (c) USLI's analysis of what constituted a single "occurrence" or "claim" under the policy. This discovery is essential because any summary judgment on coverage obligations must be based on the correct and complete policy record.

10. USLI's sur-reply brief (Doc. 17-1) contains a statement that USLI "has already agreed to satisfy any compensatory damages which remain after a final judgment." (Doc. 17-1 at

5.) This statement was not contained in the Complaint or in the summary judgment motion and briefing. Retsel is entitled to discovery into the scope, terms, and documentation of any such agreement before any coverage question is adjudicated on summary judgment.

11. In summary, Retsel cannot at this time present facts essential to justify its opposition to the summary judgment motion because: (a) no discovery has occurred; (b) all material evidence on the factual questions of prejudice, reservation of rights, and coverage representations is exclusively in USLI's possession and control; (c) Retsel has had no opportunity to test USLI's factual assertions through deposition or document discovery; and (d) USLI's own evidentiary submission contains no evidence on the dispositive factual questions — only a policy document and untested allegations from the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 24, 2026.

John M. Pierce

______________________________

**John M. Pierce (CA SBN 250443)**
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 292-2366
jpierce@johnpiercelaw.com

*Counsel for Defendant Retsel Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 24, 2026, a true and correct copy of the foregoing Declaration was filed using the Court's CM/ECF System, which will serve notice on all parties who have appeared and are registered or eligible to receive such notice.

/s/ John M. Pierce