IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES LIABILITY INSURANCE COMPANY,

Plaintiff,

v.

RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,

Defendant.

Case No. 8:26-cv-00066-BCB-JMD

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DENY OR DEFER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)**

## INTRODUCTION

USLI filed this declaratory judgment action on February 17, 2026, and moved for summary judgment on March 20, 2026 — thirty-one days after filing the Complaint, before Retsel had appeared or answered, before any scheduling order had been entered, before the pending Motion to Intervene had been resolved, and before a single document had been exchanged in discovery. This is precisely the situation that Rule 56(d) was designed to prevent. The rule exists as "a safeguard against an improvident or premature grant of summary judgment" and "should be applied with a spirit of liberality." *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). Given the complete absence of any discovery or evidentiary record, denial without prejudice — not merely deferral — is the appropriate remedy.

The summary judgment motion is premature for three independent and reinforcing reasons. First, this Court should not reach the merits while Retsel's concurrently filed Motion to Dismiss or Transfer remains pending — threshold questions of personal jurisdiction, venue, and

DJA discretion must be resolved before this Court can render a merits ruling. Second, the pending Motion to Intervene has not been resolved; granting summary judgment while it is pending would deprive parties with a direct financial stake in the outcome of their right to be heard, in violation of Rule 56 and due process. Third, and independently, Retsel has had no opportunity whatsoever to conduct discovery on the factual questions essential to opposing the motion — including the critical issue of actual and substantial prejudice, which South Dakota law requires USLI to prove and which turns entirely on disputed facts exclusively within USLI's control.

## FACTUAL AND PROCEDURAL BACKGROUND

USLI filed this Complaint for Declaratory Judgment on February 17, 2026. (Doc. 1.) The Complaint seeks declarations that Retsel breached the policy's cooperation clause and that USLI therefore has no further obligation to defend or indemnify Retsel in the underlying NDN Action, and is entitled to reimbursement of prior defense costs. (Compl. ¶¶ 24-27.)

On March 20, 2026 — before Retsel had appeared, answered, or been given any opportunity to conduct discovery — USLI filed its Motion for Summary Judgment (Doc. 10), Brief in Support (Doc. 11), Statement of Undisputed Material Facts (Doc. 12), and Index of Evidence (Doc. 13). USLI's evidence consists of a single exhibit: the insurance policy, submitted with a declaration from USLI's own Claims Examiner, Linda Carney. (Doc. 13-1.) No deposition testimony, no document production, no interrogatory responses, and no evidence of any kind from Retsel has been submitted. No scheduling order has been entered. No discovery has occurred.

Also on March 20, 2026, USLI filed its Brief in Opposition to the Motion to Intervene filed by the NDN Action plaintiffs (Doc. 14). That Motion to Intervene (Doc. 9) remains pending

as of the date of this filing. The Intervenors filed an opposition to the summary judgment motion on April 10, 2026 (Doc. 18), raising many of the same grounds presented here.

USLI's summary judgment brief pivots away from its cooperation-clause allegations and focuses instead on two policy interpretation questions: whether the policy covers punitive damages, and whether the policy covers attorneys' fees awarded under 42 U.S.C. § 1988. (Doc. 11.) In its sur-reply on the intervention motion filed April 8, 2026, USLI acknowledged that it has "agreed to satisfy any compensatory damages which remain after a final judgment." (Doc. 17-1 at 5.) Retsel has concurrently filed a Motion to Dismiss or Transfer raising lack of personal jurisdiction, improper venue, DJA discretionary dismissal, and failure to state a claim, supported by the Declaration of Chad Uhre.

## ARGUMENT

### I. THE COURT SHOULD NOT REACH THE MERITS WHILE RETSEL'S MOTION TO DISMISS OR TRANSFER REMAINS PENDING.

A court must have personal jurisdiction over a party before it can render a binding judgment against that party. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Courts routinely defer merits adjudication — including on summary judgment — until threshold jurisdictional challenges are resolved. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."). This principle applies with particular force here: granting summary judgment on coverage questions before this Court establishes that it has authority to do so would risk an advisory ruling made without jurisdiction over the defendant.

Retsel's concurrently filed Motion to Dismiss or Transfer raises five independent grounds for dismissal or transfer: DJA discretionary abstention; lack of personal jurisdiction; improper

venue; § 1406(a) transfer; and § 1404(a) transfer. If the Court grants that motion on any ground, this summary judgment motion becomes moot as to this Court. The Court should defer all consideration of USLI's summary judgment motion until the Motion to Dismiss or Transfer has been resolved.

## II. THE COURT SHOULD NOT GRANT SUMMARY JUDGMENT WHILE THE MOTION TO INTERVENE REMAINS PENDING.

The Intervenors' Motion to Intervene (Doc. 9) was filed on March 11, 2026 and remains pending. The Intervenors hold a judgment against Retsel in the NDN Action and seek to intervene to protect their ability to collect on that judgment through USLI's policy. They have a direct and substantial financial stake in the coverage determination USLI now seeks to obtain by summary judgment.

Granting summary judgment while the intervention motion is pending would violate both Rule 56 and due process. As the Fifth Circuit held in *White v. Texas American Bank/Galleria, N.A.*, 958 F.2d 80, 82–84 (5th Cir. 1992), a district court that grants intervention and summary judgment simultaneously "effectively denied [intervenors'] legal right to notice and right to oppose the motion for summary judgment because they were not parties to the action until the court's contemporaneous order granting them leave to intervene." The Second Circuit has similarly held that it is "ill advised" for a district court to rule on a "litigation-ending motion" while a motion to intervene remains pending, and that "the better practice [is] for a district court to rule on a pending motion to intervene before ruling on the merits of pending litigation." *Drywall Tapers & Pointers of Greater New York, Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007).

Although the Intervenors have filed an opposition to the summary judgment motion (Doc. 18), they have done so as non-parties who cannot formally respond to USLI's Statement of Undisputed Material Facts under NECivR 56.1(b)(1)(A), and who cannot conduct discovery or take depositions. Rule 56(f) requires the Court to give "notice and a reasonable time to respond" before granting summary judgment against a nonmoving party. At minimum, the Court should ensure that all parties whose rights will be directly affected by the coverage determination are before the Court before adjudicating the merits.

## III. RETSEL CANNOT PRESENT FACTS ESSENTIAL TO OPPOSE THE SUMMARY JUDGMENT MOTION BECAUSE NO DISCOVERY HAS OCCURRED.

### *A. The Governing Standard.*

The Eighth Circuit has been unequivocal: "[a]lthough discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999); accord Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006); *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012). Rule 56(d) provides "a safeguard against an improvident or premature grant of summary judgment" and "should be applied with a spirit of liberality." *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). To obtain relief, the nonmovant must identify: (1) the specific facts it seeks to elicit from further discovery; (2) that those facts exist; and (3) that they are essential to resist the summary judgment motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014); *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016).

The District of Nebraska has repeatedly applied these principles to deny or defer summary judgment when the motion was filed at the outset of the case before any discovery had occurred. *See Henderson State Bank v. Lowderman*, No. 8:20CV47 (D. Neb. Dec. 7, 2020); *ACI Worldwide Corp. v. Churchill Lane Associates, LLC*, No. 8:14CV249 (D. Neb. Feb. 7, 2018); *Montin v. Moore*, No. 4:14CV3142 (D. Neb. Dec. 22, 2014). Furthermore, Rule 56(b)'s Advisory Committee Notes expressly recognize that when a summary judgment motion is filed before a responsive pleading is due, the response time for the nonmovant runs from after the pleading deadline. Retsel has not yet filed a responsive pleading, making this motion procedurally premature independent of the Rule 56(d) showing below.

***B. The Specific Discovery Retsel Needs and Why It Is Essential.***

The Rule 56(d) Declaration of John M. Pierce, filed herewith, sets forth the specific discovery Retsel requires. All of the evidence necessary to adjudicate USLI's claims is in USLI's possession and control; Retsel has had no access to any of it. The discovery falls into four categories, each directly essential to Retsel's opposition.

**1. Discovery on Actual and Substantial Prejudice.**

USLI's cooperation-clause claim requires proof of actual and substantial prejudice under South Dakota law. *Kaiser Trucking, Inc. v. Liberty Mut. Fire Ins. Co.*, 2026 S.D. 5, ¶¶ 47-50 (S.D. Feb. 4, 2026). Retsel needs discovery into: all emails and communications USLI claims constituted non-cooperation; the specific filings USLI claims were unauthorized and their effect on the NDN Action proceedings; all communications between USLI and defense counsel regarding the alleged non-cooperation; any internal USLI analyses assessing prejudice; and the complete defense billing records. Without this discovery — all exclusively in USLI's possession

— Retsel cannot contest USLI's conclusory assertion of prejudice, which is the central element USLI must prove.

**2. Discovery on Waiver and Estoppel.**

Retsel's opposition will assert that USLI waived the cooperation-clause defense by continuing to defend with full knowledge of the alleged non-cooperation without adequately reserving its rights. *Ziegler v. Ryan*, 285 N.W. 875 (S.D. 1939); *St. Paul Fire & Marine Ins. Co. v. Engelmann*, 639 N.W.2d 192 (S.D. 2002). Retsel needs discovery into: all reservation of rights letters issued by USLI during the NDN Action; all internal USLI communications regarding whether to reserve rights based on cooperation-clause concerns; all communications between USLI and Retsel regarding the cooperation clause; and any demands by USLI that Retsel cease the alleged non-cooperative conduct. This discovery is reasonably believed to exist based on standard insurance claims handling practices, and is essential because whether USLI timely and adequately reserved its cooperation-clause defense is the central question under both *Ziegler* and *Engelmann* — and the answer lies exclusively in USLI's possession.

**3. Discovery on the Attorneys' Fees Coverage Question.**

USLI's summary judgment motion argues that § 1988 attorneys' fees are not covered as a matter of law. Retsel needs discovery into: the underwriting file for the policy, including representations made at procurement regarding coverage scope; USLI's prior coverage positions and representations to Retsel; any internal USLI policies regarding coverage for § 1988 fee awards under EPL policies; and the complete claims handling file. Prior representations regarding coverage scope are relevant to estoppel and the reasonable expectations doctrine under South Dakota law.

**4. Discovery on Policy History and Occurrence Determination.**

The Intervenors allege that at least one discrimination incident in the NDN Action occurred in 2020 — outside the policy period of the policy USLI submitted with its motion. (Doc. 18 at 5 n.4.) Yet USLI has submitted only one policy. Retsel needs discovery into: the complete history of USLI's EPL coverage for Retsel, including any prior or successor policies; USLI's internal determination regarding which policy period applied to which incidents; and USLI's analysis of what constituted a single "occurrence" or "claim." Any summary judgment on coverage obligations must be based on the correct and complete policy record.

***C. USLI's Motion Rests Solely on Its Own Untested Allegations Rather Than Admissible Evidence.***

USLI's statement of undisputed material facts contains ten numbered paragraphs. (Doc. 12.) Seven are drawn directly from USLI's own Complaint or its legal conclusions. The remaining three cite the Linda Carney Declaration, which does nothing more than authenticate the policy. There is not a single deposition, interrogatory response, document from Retsel, or piece of evidence from the NDN Action record in USLI's submission.

Summary judgment is not proper where asserted undisputed facts rest on one party's own untested allegations rather than admissible evidence. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 752 (8th Cir. 2011); *accord Vanegas v. Carleton Coll.*, 575 F. Supp. 3d 1112, 1126 (D. Minn. 2021). As the Intervenors observe (Doc. 18 at 5), "USLI's summary judgment motion amounts to no more than a recitation of the allegations in its complaint." The cooperation-clause issues that form the basis of the Complaint appear nowhere in USLI's evidentiary submission because USLI has submitted no evidence about them.

## IV. USLI'S OWN RECENT FILINGS FURTHER UNDERMINE THE NEED FOR IMMEDIATE SUMMARY ADJUDICATION.

USLI's sur-reply brief, filed April 8, 2026 (Doc. 17-1), contains a statement that USLI "has already agreed to satisfy any compensatory damages which remain after a final judgment, following appeals and any other necessary post-verdict activity in the underlying NDN litigation." (Doc. 17-1 at 5.) This statement was not contained in the Complaint or in the summary judgment motion and briefing. Retsel is entitled to a full factual record — including discovery into what USLI has agreed to cover, under what conditions, and how that commitment is documented — before any coverage question is adjudicated on summary judgment.

## CONCLUSION

For the foregoing reasons, Retsel respectfully requests that this Court deny without prejudice, or defer ruling on, USLI's Motion for Summary Judgment (Doc. 10) pending: (1) resolution of Retsel's Motion to Dismiss or Transfer; (2) resolution of the Intervenors' Motion to Intervene (Doc. 9); and (3) at minimum, a reasonable period for discovery on the factual issues identified in the accompanying Rule 56(d) declaration. In the alternative, Retsel requests that the Court allow time to obtain affidavits or declarations or to take discovery pursuant to Rule 56(d)(2) before any ruling on the merits.

Dated: April 24, 2026

Respectfully submitted,

/s/ John M. Pierce

**John M. Pierce (CA SBN 250443)**
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 292-2366
jpierce@johnpiercelaw.com

*Counsel for Defendant Retsel Corporation d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with NECivR 7.1(d)(1)(A). The undersigned relied upon the word count function of Microsoft Word to certify the word count, applied to include all text including the caption, footnotes, headings, and signature block. This brief contains 2,322 words.

/s/ John M. Pierce

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 24, 2026, a true and correct copy of the foregoing Brief was filed using the Court's CM/ECF System, which will serve notice on all parties who have appeared and are registered or eligible to receive such notice.

/s/ John M. Pierce