**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

UNITED STATES LIABILITY INSURANCE COMPANY,

Plaintiff,

v.

RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,

Defendants.

CASE NO. 8:26-cv-00066

**PLAINTIFF'S REPLY BRIEF IN RESPONSE TO DEFENDANT, RETSEL CORPORATION'S, BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, United States Liability Insurance Company ("USLI") Files this Reply Brief in response to Defendant, Retsel Corporation's Brief in Opposition to Plaintiff's Motion for Summary Judgment, which is characterized as a "Motion to Deny or Defer Plaintiff's Motion for Summary Judgment pursuant to Fed R. Civ. P. 56(d)".[1] For the reasons set forth below, Defendant's Motion for Summary Judgment should be Granted.

**A. <u>USLI's Motion Will Be Decided As a Matter of Law Only</u>**

Plaintiff's Motion for Summary Judgment appropriately asks this Court to find, as a matter of law and solely on Plaintiff's Complaint, that: (1) there is no coverage under the USLI policy for any award of punitive damages in the underlying NDN action; and (2) there is no coverage under the USLI policy for any award of attorneys' fees in the underlying NDN action.[2]

[1] Rule 56(d) does not contemplate a cross-motion, which appears to be Defendant's intent in characterizing its filing as a "Motion to Deny or Defer". Rather, it allows a *non-movant* to request that the Court allow time for the non-movant to obtain factual information to oppose a Motion for Summary Judgment. As such, Plaintiff submits this filing as a Reply Brief to further support Plaintiff's Motion for Summary Judgment and not an opposition to a new motion by Defendant.

There is no need for any factual discovery for the Court to rule. Rather, this Court need look only to the USLI policy, which is properly before the Court as an exhibit to Plaintiff's Complaint and the public filings in the underlying NDN action, to render judgment.

Similar to the Proposed Intervenors' briefing on the Petition to Intervene, Retsel devoted dozens of pages of factual and legal argument across multiple filings solely to delay the inevitable review by this Court, as a matter of law, of two simple issues: (1) Does the USLI policy cover punitive damages already awarded in the underlying NDN action; and (2) Does the USLI policy cover any attorneys' fees award which might be awarded in the underlying NDN action. It is telling that Retsel now, similar to Proposed Intervenors, refuses to engage on these simple issues of law. Rather, Retsel submits a list of myriad proposed issues of discovery which has nothing to do with the simple legal arguments before this Court. Retsel solely seeks to delay a timely determination on whether there is coverage for the judgment in the underlying NDN action. As a matter of law, and as a matter of judicial economy, this Court should at a minimum render a ruling on whether punitive damages or attorneys' fees are covered under the USLI policy.

Under South Dakota law, the duty to indemnify is a question of law for the Court to determine. *Demaray v. De Smet Farm Mut. Ins. Co.,*2011 S.D. 39, ¶ 8, 801 N.W.2d 284, 287 (citing *Auto-Owners Ins. Co. v. Hansen Hous, Inc.*, 2000 S.D. 13, ¶ 10, 604 N.W.2d 504, 509). "The existence of the rights and obligations of parties to an insurance contract are determined by the language of the contract, which [***10] must be construed according to the plain meaning of

---

[2] Plaintiff also seeks a ruling finding it has no duty to defend nor indemnify based upon non-cooperation. Plaintiff defers to n 1 of its Primary Brief, which provides sufficient evidence from the docket of the NDN action to support its claim as a matter of law.

its terms." *Biegler v. Am. Family Mut. Ins. Co.*, 2001 S.D. 13, ¶ 20, 621 N.W.2d 592, 598-99 (citing *W. Cas. & Sur. Co. v. Waisanen*, 653 F. Supp. 825, 827 (D.S.D. 1987).

Where the insurer shows that a claim clearly falls outside of the policy coverage, the Court will determine, as a matter of law, that the insurer has no duty to indemnify. *State Farm Fire & Cas. Co. v. Harbert*, 741 NW2d 228, 234, 2007 SD 107, ¶ 18 (2007). The purported reasonable expectations of the insured are examined only if the Court first finds that the policy language is ambiguous. An insured cannot simply cry "ambiguity" and launch a fishing expedition into an insurer's underwriting and claims practices. *See*, *Am. Family Mut. Ins. Group v. Kostaneski*, 688 NW2d 410, 414, 2004 SD 114, ¶¶ 18-19 (2004)("Due to the lack of ambiguity in the American Family criminal law exclusion, the doctrine of reasonable expectations simply does not apply under the circumstances of this case"). *See also, Alverson v. Northwestern Natl. Cas. Co*., 559 NW2d 234, 236-237, 1997 SD 9, ¶¶ 13-14 (1997)("There is nothing ambiguous about the policy exclusion in this case, and therefore, the doctrine of reasonable expectations simply does not apply to this policy language in these circumstances"). *Cf*, *Dairyland Ins. Co. v. Wyant*, 474 N.W.2d 514, 516 (SD 1991)("Although this doctrine governs interpretation of insurance contracts in other states, it has not been declared law in South Dakota"). *See also, Trammell v. Prairie States Ins. Co*., 473 N.W.2d 460, 463 (SD 1991).

Even if reasonable expectations were an accepted doctrine in South Dakota, it has no application here, as there are no ambiguities in the USLI policy as a matter of law. First, under South Dakota law it is against public policy for an insurance policy to provide coverage for an award of punitive damages. *Fort Pierre v. United Fire & Casualty Co*, 463 N.W.2d 845 (SD 1990). As such, the policy language is immaterial on this issue. It cannot be ambiguous as a matter of law. *Id*.

Second, an award of statutory attorneys' fees under 42 U.S.C. 1988 (b) are "costs" by the language of the statute itself. "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs". *Id*. As a matter of law, "costs" are not "damages". *Sullivan County v. Home Indem. Co.*, 925 F.2d 152, 153 (6th Cir. 1991) *citing Oates v. Oates*, 866 F.2d 203, 207 (6th Cir. 1989) (in the language of 42 U.S.C. § 1988 "there is a clear distinction between 'costs' and 'damages.'"). The USLI policy covers damages, not costs. There is no language anywhere in the policy even suggesting coverage for a statutory award of attorney's fees. Courts interpreting this simple legal issue have concluded that a policy that covers "damages" (as the USLI policy does) does not cover a "cost" such as attorneys fees. Further the USLI policy expressly states that it does not cover "taxes" against the insured, which are recognized as a matter of law to be "costs". *See*, *Oates*, *supra*, ("Congress expressed an unambiguous intent under 42 U.S.C. 1988 to award attorney's fees … as an additional component of the traditional costs taxed by the court")(emphasis added). As such, there is no ambiguity in this purely legal conclusion of law.

Even if the Court were to find a question of fact as to Retsel's non-cooperation, the overriding concern regarding insurance coverage in the underlying NDN action will be resolved, as a matter of law, on these two very simple questions of law. And, despite numerous filings and dozens of arguments, both Retsel and NDN fail to advance one scintilla of legal argument to the contrary. This is because there is none to advance. This Court can, and should enter a ruling that at a minimum finds the USLI policy does not cover punitive damages nor attorneys' fees in the underlying NDN action.

Finally, Retsel inexplicably joins in an argument first advanced by Proposed Intervenors, that somehow a question of fact is raised regarding coverage for "at least one discrimination

incident in the NDN Action occur(ing) in 2020 – outside the policy period of the policy USLI submitted with its motion". The policy speaks for itself and it is a claims-made policy. There is no coverage for "occurrences". By its plain terms, the policy covers only "claims made" against Retsel and there is only one claim made against Retsel. That claim is the NDN Complaint, which was filed and served during the policy period of the policy attached to USLI's Complaint. This specious argument only highlights the desperation of both Proposed Intervenors and Retsel to delay and obfuscate the very simple legal issues presented.

**B. Defendant Has Not Satisfied Its Burden Under Rule 56(d)**

In any event, Defendant has failed to satisfy its burden under Rule 56(d) because Defendant failed to show that there are material facts unavailable and that it is unable to obtain information essential to its defense of Plaintiff's Motion. *See*, *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014)(The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion."). *See also*, *Elkharwily v. Mayo Holding Co.*, 823 F.3d 462, 472 (8th Cir. 2016) (affirming the denial of a Rule 56(d) motion where the plaintiff "had no meritorious justification for additional discovery"). "It is not enough to present a list of facts sought to be discovered. The nonmovant must articulate how those facts are relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Mirapex Products Liability Litigation*, 912 F.3d 1129, 1135 (8th Cir. 2019).

Defendant seeks:

**Evidence of Non-Cooperation**:

This information does not satisfy Rule 56(d) because the communications are all in the possession of Defendant. Thus, Defendant failed to show that there are material facts **unavailable** and that it is unable to obtain information **essential** to its defense of Plaintiff's Motion.

**Discovery on Reservation of Rights letters**

This information does not satisfy Rule 56(d) because the communications sought are all in the possession of Defendant. Defendant is not entitled to any internal communications of USLI on the issue as this has no bearing on whether Retsel has prejudiced USLI through its own emails and filings, which are fully accessible to Defendant. Thus, Defendant failed to show that there are material facts **unavailable** and that it is unable to obtain information **essential** to its defense of Plaintiff's Motion.

**Discovery on Attorneys Fees Coverage Question**

As set forth above, whether the policy covers an award of attorneys' fees is purely a question of law for the Court. There is no basis for Defendant to seek internal communications at USLI as these are not relevant to the purely legal issue of coverage. Thus, Defendant failed to show that there are material facts **unavailable** and it is unable to obtain information **essential** to its defense of Plaintiff's Motion.

**Discovery on Policy History**

Defendant is presumed to have its own copies of any policies issued by USLI to it. Defendant cannot satisfy its burden under Rule 56(d) to show that it does not have access to this information. Defendant's arguments regarding interpretation of the policy terms are legal only, and not a sufficient basis under Rule 56(d) to seek discovery. Thus, Defendant failed to show

that there are material facts **unavailable** and it is unable to obtain information **essential** to its defense of Plaintiff's Motion.

**Discovery on Compensatory Damages**

USLI's statement that it has agreed to satisfy compensatory damages is not necessary to the determination of its purely legal issues presented in its Motion for Summary Judgment. Defendant cannot invoke Rule 56(d) to avoid a ruling where the discovery sought is not pertinent to the relief sought in the Motion for Summary Judgment. Thus, Defendant failed to show that there are material facts **unavailable** and it is unable to obtain information **essential** to its defense of Plaintiff's Motion.

**C. Defendant Has Waived Any Further Opposition to Plaintiff's Motion**

Defendant has not submitted any opposition to Plaintiff's purely legal arguments in its Motion for Summary Judgment. While Defendant contends it needs further discovery, there is no reason why Defendant failed to present any legal argument at all on whether the policy covers punitive damages or attorneys' fees. Via its defective and flawed 56(d) argument, Defendants made the strategic decision to focus solely on delaying Plaintiff's motion. In doing so, Defendant placed all of its "eggs in one basket," conceding Plaintiff's right to summary judgment on the merits by failing to raise any legal defenses in opposition. Thus, Defendant has waived all opposition to Plaintiff's legal arguments within its Motion, and summary judgment must be granted in Plaintiff's favor. *See*, *Marlow v City if Clarendon*, 78 F.4th 410, 416-417 (8th Cir 2023)("District Court did not abuse its discretion in denying [non-movant's] request for further discovery before granting in part the defendants' motion for summary judgment.").

Accordingly, for the reasons set forth at length herein, Plaintiff's Motion for Summary Judgment should be granted.

**MCANGUS GOUDELOCK & COURIE, LLC**

Dated: May 8, 2026 By: /s/Eric A. Fitzgerald
Eric A. Fitzgerald, Esq. (PA 72590)
*USDC Nebraska Pro Hac Vice*
2000 Market Street, Suite 2850
Philadelphia, PA 19103
**Mailing Address:** Post Office Box 12519
Columbia, South Carolina 29211
Phone: 484-406-4334
Email: Eric.Fitzgerald@mgclaw.com

Bonnie M. Boryca, Neb. #24886
ERICKSON SEDERSTROM, P.C., L.L.O.
10330 Regency Parkway Drive, Suite 100
Omaha, NE 68114
Phone: 402-397-2200
Email: Boryca@eslaw.com

*Counsel for Plaintiff United States Liability Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RETSEL CORPORATION d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendants. | CASE NO. 8:26-cv-00066<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on May 7, 2026, I electronically filed with the Clerk of the United States District Court for the District of Nebraska, *Plaintiff's Reply Brief in Response to Defendant, Retsel Corporation's, Brief in Opposition to Plaintiff's Motion for Summary Judgment*. A true and correct copy of the foregoing Motion was served upon all counsel of record via the Court's electronic filing system.

**MCANGUS GOUDELOCK & COURIE, LLC**

Dated: May 8, 2026 By: /s/Eric A. Fitzgerald

Eric A. Fitzgerald, Esq. (PA 72590)
*Nebraska USDC Pro Hac Vice*